IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN J. BUCKSHAW, | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-19-3353 |
| ATTORNEY GENERAL OF MARYLAND, *<br>*et al.*, | | |
| Respondents | * | |
| | *** | |

## MEMORANDUM

The self-represented petitioner, John J. Buckshaw, filed a Petition for Writ of Habeas Corpus ("Petition") on November 21, 2019, against the Attorney General of Maryland and the Sheriff of Prince George's County.  ECF 1.  Buckshaw seeks an order staying state court proceedings filed against him, including a bench warrant, and the dismissal of allegedly defective proceedings charging him with failure to appear, harassment, and misuse of the telephone.  ECF 1 at 1. Buckshaw argues that the bench warrant for his arrest was issued without due process of law, and falsely accuses him of failing to appear when his appearance was not required.  *Id.* at 11.  He seeks protection from future custody.  *Id*. at 5.

Buckshaw's 87 page Petition includes a request to file this action without using a standardized form (ECF 1 at 1–4); numerous  "Notes of Decisions" which appear to be copied from the United States Code (*id*. at 6–18); a copy of a small-claims complaint intended to be filed in the Maryland District Court for Prince George's County (*id*. at 19– 82); and a conclusion, verification, and orders proposed for this court's use (*id*. at 83–87).

Respondents oppose the Petition. ECF 4. They contend that Buckshaw is not entitled to habeas relief because he is a fugitive from justice, he has failed to state a cognizable claim, and he has failed to exhaust his available state court remedies. *Id*.

On October 7, 2009, the State charged Buckshaw, in the District Court of Maryland for Prince George's County, in Case No. 3E00399150, with three counts, each, of misuse of a telephone and harassment and on the same day issued a warrant for his arrest. ECF 4-1, at 1–2. Buckshaw was not served with the warrant until December 25, 2012. An initial hearing was conducted and Buckshaw was released on his own recognizance pending trial. *Id*. at 2. On February 22, 2013, Buchshaw failed to appear for trial and the court issued a bench warrant for Buckshaw's arrest. The warrant conditioned his future release on $0.00 bail. *Id*. On April 14, 2015, the court recalled the bench warrant. *Id*. On June 17, 2015, the court issued another bench warrant for Buckshaw's arrest after he again failed to appear for trial, determining that upon rearrest Buckshaw was to be held without bond. *Id*.

This bench warrant remains open and no activity has been docketed in the case since June 2015. Notably, Buckshaw has not yet been tried for the charges he challenges here.[1]

Pretrial federal habeas relief is available if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that

---

[1] *See* Maryland Judiciary Case http://casesearch.courts.state.md.us/casesearch/ inquiry (last visited Apr. 17, 2020).

may be resolved through trial of the merits or by other state procedures available for review of the claim.  *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights.  *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).

Where, as here, there has been no trial on the merits and no appellate review for Buckshaw's claims, there remains avenues for Buckshaw to assert his claims, without harm to his constitutional rights.  Buckshaw's state court remedies include a motion to dismiss, direct appeal, and a state petition for a common law writ of habeas corpus.  *See generally* Md. Code, Cts. & Jud. Proc. §§ 3-701, 3-707; Md. Rule 15-303(b).  In short there is no allegation that if Buckshaw stands trial, his constitutional rights will go unprotected unless this court intervenes.  The Petition, which is premature, must be dismissed, without prejudice.[2]

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  Buckshaw fails to meet this standard.  Therefore, a certificate of appealability shall not issue.

---

[2] In so finding, the court need not address Respondents' other arguments.

A separate Order follows.

April 22, 2020                  /s/
Date                            Ellen L. Hollander
                                 United States District Judge